UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

MOHAMMED RAHMAN,

        Plaintiff,

                       -against-

PAPA JOHNS INTERNATIONAL, INC.

PJ NATIONAL NEW YORK, LLC

PJ ELMHURST, INC.

        Defendants.

---------------------------------------------------------X

Docket No. 1:22-CV-5644.

**COMPLAINT**

Plaintiff, MOHAMMED RAHMAN, by his attorneys at Gehi & Associates, alleges upon knowledge to himself and upon information and belief to all other matters as follows:

**PRELIMINARY STATEMENT**

1) This action is brought pursuant to the Fair Labor Standards Act (hereinafter "FLSA") 29 U.S.C. §§ 206 and 216(b) and the New York Labor Law (hereinafter "N.Y. Labor Law") §§ 190 *et seq.*, N.Y. Labor Law § 633, N.Y. Labor Law §§ 650 *et seq.*, N.Y. Labor Law § 162 and 12 New York Codes, Rules, Regulations (hereinafter "NYCRR") §§ 146-1.2 and 146-1.4 to recover unpaid wages, overtime compensation, and compensation for the time allowed for meals, owed to Plaintiff by Defendant, PAPA JOHNS INTERNATIONAL INC and PJ NATIONAL NEW YORK LLC (hereinafter "Defendants").

2) MOHAMMED RAHMAN (hereinafter "Plaintiff") alleges in this complaint that he is: (i) entitled to unpaid wages from the defendants for all hours worked by him, (ii) compensation for the time allowed for meals, (iii) as well as for overtime work for which he did not receive overtime

pay as required by law, (iv) entitled to liquidated damages (v) reasonable attorney's fees and (vi) costs and disbursements of this action.

3) Plaintiff further complains that he is entitled to (i) back wages from the Defendants for all hours worked by him, (ii) overtime work for which he did not receive overtime premium pay, (iii) his time allowed for meals pay, (iv) liquidated damages as required by the N.Y. Labor Law § 650 *et seq.* and the supporting regulations.

## JURISDICTION AND VENUE

4) This court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. § 1331 and 1337 and FLSA, 29 U.S.C. §§ 216(b).

5) This court also has supplemental jurisdiction over the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, since they are so related to their FLSA claims as to form part of the same case or controversy.

6) The venue is proper in the Southern District of New York pursuant to 29 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims that occurred in this District.

7) This court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

8) Plaintiff is an individual who was at all relevant times an adult individual residing at 566 Crescent, Str. 1, Brooklyn, NY, 11208.

9) Upon information and belief, Defendant Papa Johns International Inc. is an incorporation with its primary place of business at 2002 Papa John's Boulevard Louisville Ky 40299-2334 with subsidiaries across the United States. Customers residing in surrounding states frequented

Defendant Papa Johns International. Thus, Defendant, Papa John's International Inc, engaged extensively in interstate commerce.

10) Upon information and belief, Defendant, PJ National New York LLC, is a domestic business with a principal place of business at 39 Broadway, Suite 1640, New York, NY 10006 Customers residing in surrounding states frequented Defendant PJ National New York LLC. Thus Defendant, PJ National New York LLC engaged extensively in interstate commerce.

11) Upon information and belief, Defendant, PJ Elmhurst Inc. is a domestic business with a principal place of business at 306 Melbourne Road, Great Neck, NY 11021.

## STATEMENT OF FACTS

12) Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 9 hereof.

13) Plaintiff was employed by the Defendants from on or around September 19, 2016 until on or around March 6, 2022, as a delivery expert, and his job was to make deliveries, customer service, preparing food-related items, and cleaning and organizing.

14) At all relevant times, Plaintiff was employed by the Defendants as a delivery expert.

15) Plaintiff's work was performed for the benefit of the Defendants, in the normal course of business of the Defendant.

16) Upon information and belief, the payments made to Plaintiff by Defendants constitute "wages" as that term is defined under Article 6 and 19 of N.Y. Labor Laws.

17) Upon information and belief, Plaintiff was regularly required to perform work in excess of 40 hours per week.

18) Upon information and belief, Plaintiff was regularly required to perform work for Defendants without receiving minimum wages from the Defendants for all hours worked by them as required by applicable federal and New York state law.

19) Upon information and belief, while working for Defendants, Plaintiff was regularly required to perform work for Defendants without receiving overtime compensation of one and one-half times their regular rate of pay as required by federal and state laws.

20) Upon information and belief, while working for Defendants, Plaintiff was regularly required without time allowed for meals.

21) Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and applicable state law by failing to maintain accurate and sufficient timesheets or payroll records.

22) Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

Upon information and belief, Defendants, PAPA JOHNS INTERNATIONAL INC, PJ NEW YORK NATIONAL LLC and PJ ELMHURST INC.

(i) had the power to hire and fire Plaintiff (ii) supervised and controlled Plaintiff's work schedule or condition of employment (iii) determined Plaintiff's rate and method of payment, and (iv) maintained Plaintiff's employment records.

## FIRST CLAIM FOR RELIEF: FAIR LABOR STANDARDS ACT

22) Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force as though fully set forth herein.

23) At all relevant times, the Defendants is an "enterprise" within the meaning of FLSA 29 U.S.C. § 203.

24) At all relevant times, the Defendant has been and continues to be "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA, 29 U.S.C. §§ 206(a) and 207(a).

25) Defendant PAPA JOHNS INTERNATIONAL INC is liable under a theory of ostensible or apparent agency because the Plaintiff believed that he was employed by PAPA JOHNS INTERNATIONAL INC due to its negligence, because PAPA JOHNS INTERNATIONAL INC failed to distinguish itself from other named Defendants. PAPA JOHNS INTERNATIONAL INC maintained its logo on the building of Plaintiff's place of employment, on advertising within Plaintiff's place of business, on pizza boxes, on Plaintiff's uniform. PAPA JOHNS INTERNATIONAL INC completes the training and inspects the premises for compliance as well.

26) As "employers," the Defendants are liable for violations of FLSA.

27) Plaintiff is an "employee" within the meaning contemplated in the FLSA, 29 U.S.C. § 203.

28) Plaintiff is engaged in the food industry of selling food. Therefore, employees engaged in the industry for cooking, cleaning, and delivery in the production of goods for industry within the meaning of FLSA 29 U.S.C. § 203.

29) At all relevant times, Defendants employed Plaintiff.

30) Upon information and belief, at all relevant times, Defendants have had gross revenue in excess of $500,000. Plaintiff's information and belief are based on her employment duties to Defendant as detailed in Paragraph 12, *supra*.

31) As a result of Defendants' willful failure to compensate the Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a

workweek, as well as for all hours worked by them, the Defendant has violated the FLSA 29 U.S.C. § 201 *et seq*., including 29 U.S.C. §§ 207(a)(1) and 215(b).

32) As a result of Defendants' willful failure to record, report, credit and/or compensate the Plaintiff. The Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine wages, hours, and other conditions and practices of employment in violation of FLSA 29 U.S.C. §§ 201 *et seq.* including 29 U.S.C. §§ 211(c) and 215(a).

33) Due to Defendants' willful FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid wages for all of the hours worked by him, as overtime compensation, an additional equal amount as liquidated damages for Defendants' willful violations of the FLSA and for their unreasonably delayed payment of wages, reasonable attorney's fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM:
## NEW YORK LABOR LAW

34) Plaintiff repeats and re-alleges each and every allegation of the preceding paragraphs hereof with the same force as though fully set forth herein.

35) At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law §§ 2 and 651. Plaintiff is an "employee" pursuant to N.Y. Labor Law § 651.

36) Defendant PAPA JOHNS INTERNATIONAL INC is liable under a theory of ostensible or apparent agency because the Plaintiff believed that he was employed by PAPA JOHNS INTERNATIONAL INC due to its negligence, because PAPA JOHNS INTERNATIONAL INC failed to distinguish itself from other named Defendants. PAPA JOHNS INTERNATIONAL INC maintained its logo on the building of Plaintiff's place of employment, on advertising within

Plaintiff's place of business, on pizza boxes, on Plaintiff's uniform. PAPA JOHNS INTERNATIONAL INC completes the training and inspects the premises for compliance as well.

37) Defendants are "employers" within the meaning of N.Y. Labor Law § 651.

38) Plaintiff regularly worked more than 40 hours per week while working for Defendants.

39) Defendants willfully violated Plaintiff's rights by failing to pay him for all hours worked, failure to provide time allowed for meals, as well as for overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek in violation of the N. Y. Labor Law § 663 and its supporting regulations 12 NYCRR § 146-1.4.

40) Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from the Defendants his unpaid wages for all hours worked, overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorney's fees and costs and disbursements of the action, as well as an additional amount as liquidated damages, equal to one hundred percent of the total of such underpayments found to be due pursuant to New York Labor Law § 663(1).

41) Upon information and belief, Defendants required that the Plaintiff without time allowed for meals.

42) Upon information and belief, Defendants willfully violated Plaintiff's rights by failing to pay compensation in an amount equal to one hour's pay at the relevant minimum wage in all instances where Plaintiff worked more than ten (10) hours per day, in violation of the N.Y. Labor Law and regulations promulgated thereunder.

43) By the foregoing reasons, Defendants have violated N.Y. Labor Law §§ 650 *et seq.*, N.Y. Labor Law § 162 and 12 NYCRR §§ 146-1.2 and 146-1.4 and are liable to the Plaintiff for

minimum wages, overtime compensation, time allowed for meals pay, plus liquidated damages and attorney's fees and costs pursuant to the above-cited Labor Laws and regulatory sections.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An award of unpaid wages for all hours worked as well as overtime compensation due under the FLSA and the New York Labor Law;

c. An award of unpaid time allowed for meals under the N.Y. Labor Law

d. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C. § 216 and N.Y. Labor Law;

e. An award of pre-judgment and post-judgment interest.

f. An award of costs and expenses of this action together with reasonable attorney's fees; and

g. Such other and further relief as this Court deems just and proper.


Date: September 21, 2022                Respectfully submitted,


       /s/ Naresh Gehi
Naresh M. Gehi, Esq.
Gehi & Associates
Attorney for the Plaintiff
74-09 37th Avenue, Suite 205
Jackson Heights, NY 11372
718-263-5999
court@gehilaw.com